| 60 | 91 |
| 67 | 474 |

### George W. Webb, Constable, v. E. C. Perkins.

1. EXECUTION SALES—*An Action Lies for the Amount Bid.*—An officer selling property on execution may maintain an action against an accepted bidder for the amount of his bid.

2. SAME—*Sale of Stock in an Incorporated Company—Payment of Bid before Copies are to be Given.*—When a person buys stock of an incorporated company at an execution sale, section 56 of chapter 77, R. S., entitled, "Judgments, Decrees and Executions," requires him to pay the amount of his bid before he can rightfully require the officer making the sale to furnish him an attested copy of the execution and return thereon, to present to the corporation for the purpose of securing the transfer of the shares to him.

**Assumpsit,** for the amount of a bid at an execution sale. Appeal from the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding.    Heard in this court at the November term, 1894. Reversed and remanded.   Opinion filed June 4, 1895.

S. L. WALLACE, attorney for appellant.

W. R. BALDWIN, attorney for appellee.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was an action of assumpsit.

The declaration averred that the plaintiff was a constable of Logan county and as such received certain writs of execution against Schneider, Schreiber and Seiloff; that he levied the said writs upon certain shares of stock held by two of the defendants in execution in the Lincoln Furniture Company and advertised the same for sale; that at said sale the defendant bid for said shares the sum of $284, and he being the highest and best bidder, the said stock was knocked off and sold to him; that he then and there paid on said bid the sum of $25, but has failed to pay the balance. A demurrer to the declaration was sustained.

A sheriff or other officer selling property on execution may maintain an action against an accepted bidder for the amount bid.    Freeman on Executions, Sec. 313 h; Herman on Execution, Sec. 211.

This is a well recognized remedy against a delinquent buyer at such a sale, though, of course, there are other remedies.

It is, however, insisted that there was no liability in this instance to pay the purchase price because the officer had not furnished the corporation with an attested copy of the execution and of the return thereon, as provided by Sec. 56 of chapter 77. This objection proceeds upon the view that it is the duty of the officer making the sale to leave such copy with the corporation whether the purchase money has been paid or not. We think the true construction of that section is that the purchaser should pay the amount bid and

when he has done so he may rightfully require the officer to furnish him with the attested copy and upon presentation thereof to the corporation he would be entitled to a certificate of stock for the shares so purchased.

The officer should not furnish the attested copy until the price is paid. The return can not be completed until payment. The attested copy of execution and return is the voucher upon which the certificate of stock is issued, taking the place of the ordinary transfer by the holder, and the purchaser should not be invested with this evidence of a right to a certificate until he has complied with his bid by making payment.

This seems to be the view entertained by the Supreme Court in The People, etc., v. Goss, 99 Ill. 364, although the precise question now involved was not before the court.

It is argued that the declaration should show that such copy was filed with the corporation within fifteen days from the sale, and failing to so show, it is apparent the purchaser could not get the certificate of stock because the time had run, and as he could take nothing by the bid he should be required to pay nothing. It was his duty to pay according to his bid; had he done so he would have been entitled to the copy, and if he did not pay and therefore lost his right to a certificate of stock, he is alone to blame.

We are of opinion the declaration disclosed a good cause of action and that it was error to sustain the demurrer.

The judgment will be reversed and the cause remanded.