## E. C. Perkins v. George W. Webb.

1. JUDICIAL SALES—*Effect of Sale Under Several Executions,. One of Which is Void.*—Where several executions were levied upon property and a sale was made pursuant to such levies, the fact that one of the executions was void, does not annul the sale.

2. EXECUTIONS—*Effect of Mistake in Copies of.*—A copy of an execution left with an officer of a corporation, certain shares of whose stock were levied upon, was dated May 11, 1893, when it should have been dated May 11, 1894; it recited a judgment rendered December 20, 1893, and was indorsed by the constable as received May 11, 1894. *Held*, that it was so plain that the date given in the copy was a clerical error, that no one could be misled thereby, and that a sale made under such execution was not rendered void by such error.

3. SET-OFF—*Not Allowed Against Amount Bid at a Judicial Sale.*—A purchaser at an execution sale must pay the full amount of his bid and can not set off a claim against the plaintiff in such execution.

4. ATTORNEYS—*Have no Implied Authority to Purchase at Judicial Sales.*—An attorney has no implied authority to purchase for his clients, property sold in pursuance of a judgment in their favor secured by him.

**Assumpsit,** for amount of bid at execution sale. Appeal from the Circuit Court of Logan County; the Hon. CYRUS EPLER, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed November 21, 1896.

W. R. BALDWIN, attorney for appellant.

S. L. WALLACE, attorney for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This case was here at a former term. (60 Ill. App. 91.) There was then involved only the question whether the declaration disclosed a good cause of action.

A trial in the Circuit Court after the case was remanded resulted in a judgment in favor of the plaintiff for the unpaid balance of the bid, from which the present appeal is prosecuted by the defendant.

The first objection argued in the brief is that one of the executions was void as to Schneider, one of the defendants therein, because he was not served with summons. Conceding this, it does not follow that the sale is void. There were four executions, all of which were levied upon the stock, and the sale was made pursuant to such levies. As to three of the executions no defect is suggested, and the levies thereunder were well made. The other was good as to one of the defendants who owned a part of the stock. Aside from this, appellant acted as the attorney of the plaintiffs in obtaining that judgment, and ought not to be heard to make the objection in order to escape liability on his bid.

Another objection urged is that the copy of the execution left with the officer of the corporation when the levy was made was faulty because the date given in the copy was May 11, 1893, when it should have been May 11, 1894. The execution recited a judgment rendered December 20, 1893, and the indorsement of the constable showed that it came to his hands May 11, 1894. Manifestly, therefore, the date given in the copy was a clerical error, and this was so apparent that no one could be misled thereby. But as already suggested, if this execution were left out of consideration entirely the other three would support the sale.

It is urged the court erred in not permitting appellant to explain how he arrived at the figure named by him in a letter written to Snow, Church & Co. This seems to be not important in the view we take of the case. Nor was it error to exclude offered evidence as to what would be a reasonable fee for the services of the appellant as an attorney in the premises.

The constable seeking to enforce the bid is not concerned in that matter and should not be required to take any part in respect thereto. He may call on the bidder to pay over the

amount of the bid and may not be involved in any expense or trouble in resisting such a counter-claim. He must collect and pay over to the justice and then his responsibility is ended.

No error is perceived in the refusal of the court to permit appellant to show for whom he intended to buy the stock, nor on whose account he afterward tried to sell it. He had no authority from the execution creditors to buy it on their account, and as his action has resulted in discharging the debtors he should answer for the amount of the bid.

It was optional with the creditors to take the stock off his hands or to require the money.

The court properly refused to allow appellant to testify whether he relied upon a notice given him by appellee that the stock would be re-sold at his expense, there being no offer to prove that thereby appellant lost an opportunity to sell the stock, or that he was injured in some other way.

We perceive no error in giving instruction No. 1, asked by appellee, of which complaint is made.

It properly states the appellee's theory of the case and is not misleading. Nor was there error in modifying Nos. 6 and 7, asked by appellant, for without the modification they should not have been given.

It is urged that the court erred in refusing Nos. 8, 9, 10, 11, 12 and 13 asked by appellant, but no reason is suggested why any of them should have been given except the last. That instruction was to the effect that even though appellant bid in the stock for himself, his clients had the right to claim the benefit of the bid and take the stock, and if appellant "was acting in good faith with his clients in making the purchase, then they would not. be permitted to reject the purchase if the stock proved to be worthless." The proposition amounts to this, that the clients would be bound to take the stock even though they had not authorized the attorney to buy it, which, of course, is not the law.

The final objection is that a new trial should have been granted because the verdict is contrary to the evidence. Enough has been said to indicate in substance what the

evidence was.   It is not necessary, therefore, to follow in detail the argument on this point.   We see no sufficient reason for the position thus taken.   Indeed, we think as the record appears the court properly denied the motion.

The judgment is affirmed.